UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEANA CROMITIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAYFAIR, LLC,<br><br>Defendant. | Case No.: 1:23-cv-5149 |

## CONSENT DECREE

1.  This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between Plaintiff Seana Cromitie ("Plaintiff") and Defendant Wayfair, LLC ("Defendant") (collectively the "Parties").

## RECITALS

2.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination based on disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.  On or about June 19, 2023, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of New York (the "Action"). Plaintiff alleges that Defendant's website, Wayfair.com ("Website"), is not fully accessible to, or independently usable by, Plaintiff and all other blind or visually impaired people in violation of Title III of the ADA and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code §§ 8-101 *et seq.*

FP 48014009.1

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA and the NYCHRL, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6. This Consent Decree is entered into by Plaintiff, individually, but is intended by the Parties to inure to the benefit of visually impaired individuals who are members of the putative class alleged in the Complaint.

## JURISDICTION

7. Plaintiff alleges Defendant is a Limited Liability Company that conducts business in New York through the Website. Plaintiff contends that the Website is a place of public accommodation subject to Title III of the ADA. 42 U.S.C. § 12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or the NYCHRL.

8. This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

## DEFINITIONS

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 15 through 18 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost or difficulty of which could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to the Website as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website, or the primary functions related thereto, or which could result in a loss of revenue or traffic on Defendant's Website-related operations.

## TERM

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 24 months from the Effective Date; (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA; or (c) the date, if any, that the U.S. Court of Appeals for the Second Circuit finds that websites are not public accommodations under Title III of the ADA.

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

## GENERAL NONDISCRIMINATION REQUIREMENTS

13. Pursuant to the terms of this Consent Decree, Defendant:

a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in or benefit from the goods, services, privileges, advantages, or accommodations through the Website, Wayfair.com, Allmodern.com, Birchlane.com, perigold.com, and Jossandmain.com, including their related Apps and all pages therein and linked to therefrom that can be navigated to from the websites or which, when entered, reroute to the websites (collectively the "Released Websites") as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R.§ 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Released Websites as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services through the Released Websites as set forth herein. 42 U.S.C.§ 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

14. Web Accessibility Conformance Timeline: Defendant shall comply with Section 13 of this Consent Decree in connection with the Released Websites, according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

    a.    To the extent not already done, within 18 months of the Effective Date, Defendant shall use Reasonable Efforts to modify the Website as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

    b.    The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare, or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, or determine that websites are not public accommodations under Title III of the ADA, Defendant may choose, in its discretion, to cease the remediation efforts described above.

    c.    In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0"); or other website accessibility tools or guidelines; or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the current applicable WCAG standard, Defendant will have nonetheless met its obligations.

        d.     If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Released Websites.

## PROCEDURES IN THE EVENT OF DISPUTES

    15.    The procedures set forth in Paragraphs 16 through 18 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

    16.    If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice, including reasonable particulars, of such violation to the party alleged to be in breach. The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

17. Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Edge, Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

18. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:   Mark Rosenberg
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
T: (201) 282-6500
mrozenberg@steinsakslegal.com

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

For DEFENDANT:

Steve A. Miller
Scott C. Fanning
FISHER & PHILLIPS LLP
10 South Wacker Drive | Suite 3450
Chicago, IL 60606
sfanning@fisherphillips.com
T: (312) 580-7800

## ENFORCEMENT AND OTHER PROVISIONS

19. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

20. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

21. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

22. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

## CONSENT DECREE HAS BEEN READ

23. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

August 31, 2023

PLAINTIFF *Seana Crowitie*
By: _____

~~August~~ Sept 10, 2023

DEFENDANT
By: *Michael Licker*
Name: Michael Licker
Title: Head of Litigation and Investigations

APPOVED AS TO FORM AND CONTENT:

Dated: September 5, 2023

PLAINTIFF'S LAWYERS

*s/Mark Rozenberg*
_____
By: Mark Rozenberg
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
mrozenberg@steinsakslegal.com
T: (201) 282-6500

Dated: ~~August~~ September 11, 2023

DEFENDANT'S LAWYERS

_____
By: Steve A. Miller
Scott C. Fanning
FISHER & PHILLIPS LLP
10 South Wacker Drive | Suite 3450
Chicago, IL 60606

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

sfanning@fisherphillips.com
T: (312) 580-7800

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree complies with the standard set forth in *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (citing *Local Number 93, International Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986));

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Court's jurisdiction over this matter shall continue for 24 months; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

SO ORDERED.

Dated: September 14, 2023
New York, New York

*Paul G. Gardephe*

United States District Court Judge

Document Ref: MARBM-PAKSX-BJXP8-EG9QN

# Signature Certificate

Reference number: MARBM-PAKSX-BJXP8-EG9QN

| Signer | Timestamp | Signature |
|---|---|---|
| **Seana Cromitie**<br>Email: scromitie45@gmail.com | | |
| Sent:<br>Viewed:<br>Signed: | 31 Aug 2023 13:32:57 UTC<br>31 Aug 2023 18:22:17 UTC<br>31 Aug 2023 18:23:07 UTC | *Seana Cromitie* |
| **Recipient Verification:**<br>✓ Email verified | 31 Aug 2023 18:22:17 UTC | IP address: 67.80.98.241<br>Location: The Bronx, United States |

Document completed by all parties on:
31 Aug 2023 18:23:07 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 40,000+ companies worldwide.

